# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

CHRIST DIDYMUS THOMAS,       )
     Plaintiff,               )
                               )
v.                             )       No.  3:09-CV-62
                               )
JAMES D. BIVENS, et al.,      )       Phillips/Shirley
     Defendants.          )

## MEMORANDUM AND ORDER

This case arises out of the execution of a search warrant, the arrest, and prosecution of plaintiff by officers of the City of Madisonville and Monroe County on February 22, 2008. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and invokes the court's subject matter jurisdiction over his state law claims pursuant 28 U.S.C. §§ 1367(a). Currently before the court is defendant Monroe County's motion for summary judgment, as well as defendant James Bivens and the City of Madisonville's motion for summary judgment. After reviewing the record, the court concludes that the defendants' motions for summary judgment will be granted in part, and denied in part. The court finds that genuine issues of material fact exist regarding plaintiff's claims for the violation of his Fourth Amendment rights under § 1983 for the search of his residence, except as that claim relates to defendants Monroe County and the City of Madisonville. Therefore the court grants summary judgment in favor of Monroe County and the City of Madisonville, but denies summary judgment as to the § 1983 claims against defendant James Bivens, in his

individual capacity.  Plaintiff's state law claims for conversion  and negligence will be remanded to the Circuit Court for Monroe County, Tennessee.

## I.  Background

In deciding defendants' motions for summary judgment, the court construes the facts and draws all reasonable inferences in the light most favorable to plaintiff, the nonmoving party.

On February 22, 2008, Mark Sircy, an employee of the telephone company, went to the home of plaintiff, Christ Didymus Thomas.  Sircy went to plaintiff's home for the purpose of performing a service call to install telephone service to the residence.  During the service call, plaintiff and Sircy engaged in conversation.  Plaintiff told Sircy of his religious beliefs, including his religious use of marijuana, and Sircy told plaintiff about his uncle, who grows marijuana.  A short time after this conversation, plaintiff gave Sircy a shopping bag.  After further discussion, Sircy left the residence.

After leaving the residence Sircy noticed an unusual smell, and he looked in the shopping bag where he found plaintiff's business cards and a bud of marijuana.  Upon realizing that he had marijuana, Sircy called Danny Russell, a friend who is a Captain with the City of Madisonville Police Department.  Sircy met Russell and gave him the shopping bag given to him by plaintiff.  Sircy did not tell Russell who gave him the marijuana.  Russell gave the shopping bag to defendant James Bivens.  Bivens went to the General Sessions Court of Monroe County and filled out an affidavit in support of his application for a search

warrant. The General Sessions Court issued a search warrant for plaintiff's residence. The warrant was given to Madisonville Detective Stephen Spradlin for execution.

When Officer Bivens arrived at plaintiff's residence, Detective Spradlin was talking to plaintiff in the driveway. Officers executing the search warrant recovered several jars containing marijuana (totaling 308 grams), and observed the components for a hydroponic indoor growing system and a marijuana growers guide book. Several guns were also recovered from plaintiff's residence. In addition, plaintiff's automobile and various other items, including currency, were seized from the residence.

Plaintiff was arrested by Officer Bivens and charged with (1) sale and delivery of marijuana; (2) manufacture of marijuana for delivery and resale; (3) possession of marijuana for manufacture, delivery or resale; and (4) unlawful possession of a firearm. Plaintiff was taken to the Monroe County Detention Facility on February 22, 2008.

Plaintiff was arraigned on February 25, 2008, and a public defender was appointed to represent him. General Sessions Judge Dixon ordered plaintiff held without bond. Plaintiff ultimately retained counsel and bonded out on March 4, 2008.

On March 18, 2008, the evidence obtained pursuant to the search warrant for plaintiff's residence was suppressed in state court. The state court held that the search warrant was invalid because Officer Bivens made false statements in the application for the

search warrant.  The felony criminal charges against plaintiff were dismissed, and plaintiff pled no contest to the misdemeanor offense of casual exchange of marijuana.

Plaintiff has sued defendant Monroe County, along with officer James Bivens of the Madisonville Police Department, and the City of Madisonville in both the Circuit Court for Monroe County, Tennessee and the United States District Court for the Eastern District of Tennessee.  Both actions were filed February 20, 2009.  The complaints are essentially identical, as both allege seven counts of state and federal liability.  On March 5, 2009, the state action was removed to this court, and later consolidated with the pending district court case.

Count One of the complaint alleges violation of plaintiff's rights by Officer Bivens and the John/Jane Doe defendants, under the Fourth and Fourteenth Amendments for unlawful search and seizure.  Count Two alleges malicious prosecution against Officer Bivens for making false statements in the search warrant.  Count Three alleges that the John/Jane Doe defendants, officials at the Monroe County Detention Facility, unlawfully converted $1,100 in currency seized from plaintiff.  Count Four alleges unlawful detention.  Count Five alleges liability of Monroe County for the actions of its deputy sheriffs.  Count Six alleges liability of Monroe County under the Tennessee Governmental Tort Liability Act (GTLA).  Count Seven alleges liability of the City of Madisonville under the GTLA.

Plaintiff has voluntarily withdrawn his claims that Monroe County violated his rights by engaging in an illegal search and seizure at his residence on February 22, 2008.

Plaintiff has also voluntarily withdrawn his claim of illegal detention against Monroe County. This leaves plaintiff's claim that unknown deputies of Monroe County violated his constitutional rights by seizing $1,100 in currency without due process of law. Plaintiff also stated that he is not making a claim that he was harmed by any municipal custom of Monroe County.

Defendant Monroe County has moved for summary judgment on plaintiff's claims against the county arguing that the action must be dismissed because plaintiff has not identified anyone employed by Monroe County who allegedly violated his constitutional rights.

Defendants James Bivens and the City of Madisonville have also moved for summary judgment arguing that these defendants committed no violation of plaintiff's constitutional rights. Defendant Bivens also moves for summary judgment on the basis of qualified immunity.

## II.  Standard of Review

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574,

587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

### III. Claims Against Officer Bivens

Section 1983 does not create any constitutional rights. *Braley v. City of Pontiac,,* 906 F.3d 220, 223 (6th Cir. 1990). It does provide "a remedy for deprivation of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondsen Oil Co.,,* 457 U.S. 922, 924 (1982). In order to prevail in a § 1983 claim, the plaintiff must establish that (1) plaintiff was deprived of a right secured by the Constitution or laws of the United States, (2) by a person acting under color of state law. *Black v. Barberton Citizens Hosp.,* 134 F.3d 1265, 1267 (6th Cir. 1998). Violations of state law are not redressable under § 1983, and a state statute or local policy guideline or regulation cannot create a federal constitutional right. *Elder v. Holloway*, 510 U.S. 510, 515 (1994); *Harrill v. Blount County, Tennessee*, 55 F.3d 1123, 1125 (6th Cir. 1995).

**A.  Search Warrant**

Plaintiff alleges in Count One that Officer Bivens conducted an unlawful search of his residence and seizure of his property in violation of the Fourth Amendment. Plaintiff argues that the search warrant obtained by Officer Bivens was invalid due to false information contained in Bivens' affidavit in support of the warrant application.

The Fourth Amendment requires that "no warrants shall issue, but upon probable cause."  In interpreting this provision, the Supreme Court had held that the information presented in support of a search warrant must be "believed or appropriately accepted by the affiant as true."  *Franks v. Delaware*, 438 U.S. 154 (1978).  Thus, in the context of  criminal prosecutions, a warrant must be voided, and evidence obtained in a search purportedly conducted pursuant to it must be suppressed as unlawfully obtained, if (1) "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause."  *Id.* at 155-56.

In cases involving search warrants, "the law is clear that an officer may be held liable under § 1983 for an illegal search or seizure when the officer knowingly and deliberately, or with reckless disregard for the truth makes false statements or omissions that create a falsehood and such statements or omissions are material, or necessary, to the finding of probable cause."  *Peet v. City of Detroit*, 502 F.3d 557, 570 (6th Cir. 2007).

A defendant in a § 1983 suit accused of an unlawful search cannot rely on a judicial determination of probable cause justifying the search if that officer knowingly made false statements and omissions to the judge such that but for these falsities the judge would not have issued the warrant. *Yancey v. Carroll County,* 876 F.2d 1238, 1243 (6th Cir. 1989). The Sixth Circuit instructs that the inquiry is "whether the accurate portions of the testimony suffice to establish probable cause." *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003). "What remains of the affidavit establishes probable cause if it provides the magistrate judge with a basis for finding there was a fair probability that contraband or evidence of a crime would be found at the stated location." *United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008).

Here, the affidavit prepared by Officer Bivens stated, in pertinent part, that a "informant/cooperating citizen advised your affiant that within the last 2 days the informant was on/in [Thomas' premises]." The affidavit continued, stating that "the informant had stated that he saw the above-described property/contraband/controlled substance, marijuana in the hands of and on the person of AKA Christ D. Thomas." The affidavit continued, stating that: Affiant further states that said informant advised him as follows:

> That he/she was at the residence of AKA Christ D. Thomas doing some service work on the phones and when he/she had finished Mr. Thomas handed him/her a business card and a large marijuana bud and stated if he/she needed any more to give him a call or stop back by. Your affiant has worked in the narcotics field of law enforcement for the past 15 years. Working several cases pertaining to the illegal sale and indoor/outdoor growing of marijuana. In my professional opinion the marijuana is of a high grade and is being manufactured in a indoor setting. The marijuana was still very moist and sticky as if it had been taken directly from the plant.

Further, the residence is located at 229 Windchase Dr. Madisonville, TN. . . .

The affidavit described the cooperating citizen as:

a cooperating citizen who desires to remain anonymous, and whom I know to be a credible and responsible citizen because said informant is not known to have any criminal associations. I have known the said informant for 20 years and know said informant to be reliable, honest and credible. Said informant is a witness who has personal knowledge of the information given.

Sircy has testified that he did not talk to Officer Bivens at the time he contacted Captain Russell, nor did he, at any time, talk to Officer Bivens about the marijuana or how he obtained it.. Taking this testimony in a light favorable to the plaintiff, the court finds that plaintiff has established a material issue of fact whether Officer Bivens lacked personal knowledge of the facts contained in his affidavit and whether he knew at the time he swore out his affidavit that the statements it contained were false.

Next, the court must determine whether the remainder of Bivens' affidavit established probable cause to search plaintiff's residence after the statements attributed to Sircy are deleted. Whether probable cause exists for the issuance of a search warrant is a "commonsense, practical question" that is to be answered through a "totality of the circumstances approach." *Illinois v. Gates*, 362 U.S. 213, 230 (1983). The question, as articulated by the Sixth Circuit is whether the evidence demonstrates "a fair probability that contraband or evidence of a crime would be found at the stated location." *Mastromatteo,* 538 F.3d at 545; *see also Gates*, 362 U.S. at 238. When the statements attributed to Sircy (the confidential informant) are removed from the affidavit, the remaining facts are

insufficient to create probable cause to search plaintiff's residence. Accordingly, the question of fact as to whether Bivens' representations about the confidential informant were knowingly or recklessly deceitful are material, and will be submitted to a jury. Assessing which side is more credible is a task for a jury.

## B.  Qualified Immunity

Officer Bivens argues that he is entitled to summary judgment on plaintiff's constitutional claims due to the doctrine of qualified immunity.  In a qualified immunity analysis the court must make a three-step determination: (1) whether the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred; (2) whether the violation involved a clearly established constitutional right of which a reasonable person would have known; and (3) whether the plaintiff has offered sufficient evidence to indicate that what the officer allegedly did was objectively unreasonable in light of the clearly established constitutional rights.  *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005).  The Sixth Circuit has treated the existence of the *Franks* factors – knowing falsehood plus a lack of probable cause when that falsehood is deleted from the affidavit – as defeating any assertion of qualified immunity on the part of a § 1983 defendant.  *Id.*  Accordingly, the court finds Officer Bivens is not entitled to qualified immunity on plaintiff's constitutional claims regarding the search warrant.

## C.  Unlawful Arrest

Plaintiff claims that his arrest was unlawful and therefore violated the Fourth Amendment.  Defendants aver that due to plaintiff's conviction for casual exchange of

marijuana, the case of *Heck v. Humphrey*, 512 U.S. 477 (1994) bars his Fourth Amendment unlawful arrest claim. The United States Supreme Court in *Heck* stated:

> We hold that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by Federal Courts issuance of a writ of habeas corpus, 18 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486. *Heck* bars § 1983 plaintiffs from advancing claims that, if successful, "would necessarily imply the invalidity of a prior conviction or sentence." *Id.* at 487; *see also Cummings v. City of Akron*, 418 F.3d 676, 682 (6th Cir. 2005). The Sixth Circuit in *Powers v. Hamilton County Public Defenders*, announced an exception in the *Heck* doctrine holding that, when a plaintiff is unable to pursue habeas relief, he is not prohibited from challenging his conviction via § 1983. *Id.* 501 F.3d 592, 603 (6th Cir. 2007). One way in which a plaintiff is foreclosed from habeas relief is if his sentence is too short to allow the habeas process to proceed before he is released. *Id.* (holding that a maximum sentence of thirty days did not allow for habeas review; therefore, *Heck* did not bar claims).

Here, plaintiff was detained at the Monroe County Jail a total of eleven (11) days. After pleading "no contest" to the charge of causal exchange of marijuana, plaintiff was sentenced to "time served." Thus, he had no opportunity to pursue any remedy

through federal habeas corpus. Therefore, under the Sixth Circuit's holding in *Powers*, the *Heck* doctrine does not bar a claim of unlawful arrest.

However, based on the facts in the record, the court finds that the defendants are entitled to summary judgment on plaintiff's § 1983 false arrest claim because the arrest was based on probable cause. *See Anderson v. Creighton*, 483 U.S. 635, 663 (1987). "Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *United States v. Moncivais*, 401 F.3d 751, 756 (6th Cir. 2005). There is no dispute that plaintiff gave Sircy a marijuana bud and business card to give to Sircy's uncle. Plaintiff pled "no contest" to this charge and was convicted of the offense of causal exchange of marijuana. Accordingly, there was probable cause to arrest plaintiff and no Fourth Amendment violation occurred.

## D. Malicious Prosecution Claim

The Sixth Circuit recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment, which encompasses wrongful investigation, prosecution, conviction, and incarceration. *Barnes v. Wright*, 449 F.3d 709, 715 (6th Cir. 2006). The tort of malicious prosecution is distinct from that of false arrest, as the malicious prosecution tort "remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 390 (2007). To succeed on a malicious prosecution claim under § 1983, a plaintiff must prove the following: (1) that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute; (2) that there was

12

lack of probable cause for the criminal prosecution; (3) that as a consequence of a legal proceeding, plaintiff suffered a deprivation of liberty; and (4) that the criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). As stated above, there was probable cause to arrest plaintiff and thus, probable cause for the criminal prosecution. In addition, because plaintiff pled guilty to a lesser charge, the proceeding was not resolved in his favor. Accordingly, defendants are granted summary judgment on plaintiff's malicious prosecution claim.

**E. Seizure Claim**

Plaintiff also claims that the defendants deprived him of property without due process of law by exceeding the scope of the search warrant and by keeping extensive amounts of his property seized during the search of his residence. This claim fails because plaintiff does not show that existing state remedies are inadequate. "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson Co. Pub. Sch. Sys.*, 360 F.3d 583, 587 (6th Cir. 2004); *see also Mitchell v. Fankhauser*, 375 F.3d 477, 481 (6th Cir. 2004) (plaintiff must plead inadequacy of state remedies where alleged due process violation involved a random or unauthorized act). That is, plaintiff cannot claim a denial of due process without explaining why the existing process is inadequate – he "must prove the inadequacy of state remedies as an element of his constitutional tort." *Jefferson*, 360 F.3d at 588. Here, plaintiff fails to explain why a state remedy is inadequate. Accordingly, defendants are granted summary judgment on plaintiff's due process claim for unlawful seizure of his personal property.

## IV.  Section 1983 Claims Against John/Jane Doe Defendants

The court concludes that all § 1983 federal civil rights claims brought against unnamed police officers "John Doe" and "Jane Doe" in their individual capacities must be dismissed with prejudice.  After filing his complaint, plaintiff failed to exercise due diligence to take discovery and conduct a reasonable investigation to promptly determine the actual names of John Doe and Jane Doe.  Plaintiff has not timely made a motion pursuant to F.R.C.P. 15(a) for leave to amend his complaint to correctly identify John Doe and Jane Doe by their real names.  Moreover, plaintiff has not timely effected service of process upon the individual defendants identified in the complaint by the pseudonyms John Doe and Jane Doe as required by F.R.C.P. 4(m).

Section 1983 itself does not contain a statute of limitations.  Where Congress does not specify a period of limitations in a federal statute for bringing a civil action, the court is required to apply the most closely analogous statute of limitations provided under the laws of the State of Tennessee.  *Wilson v. Garcia*, 471 U.S. 261 (1985); *Eidson v. State of Tennessee Dept of Children's Services*, 510 F.3d 631, 634 (6th Cir. 2007).  Under Tennessee law, the applicable statute of limitations for a § 1983 federal civil rights case is one year.  Tenn. Code Ann. § 28-3-104(a)(3) provides that actions brought under the federal civil rights acts shall be commenced within one year after the cause of action accrues.  *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

The statute of limitations accrues and commences to run when the plaintiff knows or has reason to know of the injury that is the basis of the complaint. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005). Any cause of action that plaintiff may have against John Doe and/or Jane Doe in their individual capacities under § 1983 accrued, at the latest, on March 4, 2008, the date when plaintiff was released from the Monroe County Detention facility. Consequently, plaintiff had one year from March 4, 2008, within which to file suit on his § 1983 claims. On March 4, 2009, the statute of limitations expired on any cause of action that plaintiff may have against John Doe and/or Jane Doe in their individual capacities under § 1983 and such claims are now time-barred. Plaintiff did not timely amend his complaint prior to March 4, 2009 to identify John Doe or Jane Doe by their real names and add them as defendants to this action.

Where a plaintiff is temporarily unable to ascertain a defendant's actual name, the plaintiff may initially file a complaint that names an unknown defendant by using a "John Doe" appellation or similar pseudonym. However, simply identifying an unknown defendant in the complaint by the pseudonym of John Doe is not enough to commence a civil action against that unknown defendant. A civil action cannot be commenced against a fictitious party such as an unknown John Doe. *Bufalino v. Michigan Bell Telephone Co.,* 404 F.2d 1023, 1028 (6th Cir. 1968) (civil action against Doe defendants never commenced because they were not identified by their real names and not served with process).

Until the plaintiff files an amended complaint under F.R.C.P. 15 that identifies and adds or joins a John Doe defendant by his true name, the John Doe allegations in the

15

complaint are mere surplusage. *Pierce v. Hamblen County, Tennessee*, 2009 WL 2996333 *1 (E.D.Tenn. Aug. 17, 2009). A civil action is commenced against a John Doe defendant when the complaint is amended under Rule 15 to specifically name and identify that defendant by his true name and the plaintiff effects service of process upon that named defendant in compliance with Rule 4. The unknown John Doe and Jane Doe in plaintiff's complaint have never been properly joined in this lawsuit and served with process.

At this juncture it is too late for plaintiff to make a motion pursuant to F.R.C.P. 15(a) for leave to amend his complaint to identify John Doe and Jane Doe by their real names and add or join them as individual defendants in this case. The scheduling order provides that the deadline for joinder of additional parties is 180 days before trial, which has expired.

Even if plaintiff now knows or could determine the real names of John Doe and Jane Doe, a motion to amend his complaint under Rule 15 at this point in time to correct the problem would be futile. It is too late to add or substitute new defendants into this case. The federal civil rights claims brought against John Doe and Jane Doe in their individual capacities under § 1983 are time-barred by the statute of limitations. New party defendants may not be added to a complaint after the statute of limitations has run. If plaintiff were to attempt to amend his complaint to identify John Doe and Jane Doe by their real names, the amendment would not relate back under F.R.C.P. 15(c)(1) to the date when the original complaint was filed for purposes of applying the statute of limitations.

F.R.C.P. 15(c)(1)(C)(ii) provides that an amendment to a pleading relates back to the date of the original pleading when the amendment changes the party or the naming of a party against whom a claim is asserted if the party to be brought in by amendment "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  A plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a "mistake concerning the proper party's identity" within the meaning of Rule 15(c)(1)(C)(ii).  Amending a complaint to add or substitute a named defendant for an unknown John Doe defendant is considered a change in parties, not a mere substitution of parties.  *Moore v. Tennessee*, 267 Fed.Appx. 450, 455-56 (6th Cir. Mar. 3, 2008); *Force v. City of Memphis,* 1996 WL 665609 *3-4 (6th Cir. Nov. 14, 1996); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Pierce*, 2009 WL 2996333 *1-2; *Dubose v. City of Morristown*, 2009 WL 1766008 *6 (E.D.Tenn. June 22, 2009).

Additionally, plaintiff's claims against John Doe and Jane Doe are also dismissed on the alternative ground that plaintiff failed to identify them by their real names and effect service of process upon them within 120 days from the filing of the original complaint as required by F.R.C.P. 4(m).  *Dubose*, 2009 WL 1766008 *6; *Doughty v. City of Vermillion*, 118 F.Supp.2d 819, 821 n. 1 (N.D. Ohio 1999).  Accordingly, all § 1983 federal civil rights claims brought against unnamed officers John Doe and Jane Doe in their individual capacities are dismissed with prejudice.

## V.  Section 1983 Claim Against Monroe County

Plaintiff's federal civil rights action against Monroe County must be dismissed as well.  Monroe County cannot be held liable pursuant to § 1983 solely on the basis that an injury has been inflicted on plaintiff by a county officer.  Monroe County is not vicariously liable under § 1983 for constitutional torts committed by its officers and employees based on the doctrine of *respondeat superior*.  There is no *respondeat superior* liability under § 1983 for municipalities and governmental entities.  *Monell v. New York Dept of Social Services*, 436 U.S. 658, 694 (1978); *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006).

Instead, "it is when the execution of a government's policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.  *Monell*, 436 U.S. at 694; *Gregory*, 220 F.3d at 441.  For the county to have liability under § 1983, plaintiff is required to demonstrate that the county, through its deliberate conduct, was the "moving force" behind the alleged violation of his federal constitutional rights.  *Id.* at 442.  Here, plaintiff has  stated that he is not making a claim that he was harmed by any municipal custom of Monroe County.  Accordingly, plaintiff's cause of action against Monroe County will be dismissed with prejudice under F.R.C.P. 56.

## VI.  Section 1983 Claim Against the City of Madisonville

As stated above, a municipality such as the City of Madisonville cannot be held liable pursuant to § 1983 solely on the basis that an injury has been inflicted on plaintiff by a city police officer. Plaintiff is required to show a direct causal link between a policy or custom adopted by the City and the violation of his federal constitutional rights.  Plaintiff has not shown that the City had a policy or custom making it liable for the acts of Officer Bivens. A municipal policy or custom cannot be shown by one instance of misconduct.  *Thomas v. City of Chattanooga*, 398 F.3d 426, 432 (6th Cir. 2005). Thus, there are no genuine issues of material fact in dispute and the City of Madisonville is entitled to summary judgment on plaintiff's § 1983 claim.

## VII.  State Law Claims

Plaintiff has sued the City of Madisonville under the GTLA for the negligence of its employees and agents, including negligence in unlawfully obtaining a search warrant and for exceeding the authority of the search warrant.   Plaintiff has also sued Monroe County for conversion of $1,100 in currency.  The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).  28 U.S.C. § 1367(c)(1) provides that a district court in its discretion may decline to exercise supplemental jurisdiction over a supplemental claim under § 1367(a) if the claim raises a novel or complex issue of state law, and under (4) if there are other compelling reasons for declining jurisdiction.

Tenn. Code Ann. § 29-20-205, the Tennessee Governmental Tort Liability Act (GTLA), waives sovereign immunity under certain circumstances. It states in part that "immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment . . . " Tenn. Code Ann. § 29-20-205. Plaintiff also seeks damages under Tenn. Code Ann. § 8-8-302, entitled "Suits against counties for wrongs of deputies." This statute states:

> Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office.

Tenn. Code Ann. § 8-8-302. Thus, in order to recover from a governmental entity for the intentional misconduct of a deputy under this statute, it must be established that the misconduct occurred while the deputy was acting by virtue of or under color of his office. *See* Tenn. Code Ann. § 8-8-302; *Jenkins v. Loudon County,* 736 S.W.2d 603, 610 (Tenn. 1987). The Tennessee Court of Appeals has opined that the GTLA supercedes § 8-8-302 as it relates to actions based on negligence, but that § 8-8-032 controls as to suits for intentional misconduct of officers.

Because the court has dismissed plaintiff's federal claims against the municipal defendants, Monroe County and the City of Madisonville, the court will decline to exercise supplemental jurisdiction over plaintiff's state law claims for conversion and negligence. Whether plaintiff can establish his state law claims against the municipal defendants under the GTLA or Tenn. Code Ann. § 8-8-302 is a novel or complex issue of

state law, which is better remanded to the expertise of the Tennessee court. Moreover, in the court's view, to try the state law claims in conjunction with plaintiff's federal claims might confuse the jury, or at a minimum, distract the jury from the primary issues in this case. *See* 28 U.S.C. §§ 1367(c)(1) and (4). Accordingly, plaintiff's state law claims for conversion and negligence against Monroe County and the City of Madisonville are remanded to the Circuit Court for Monroe County, Tennessee.

## VIII.  Conclusion

For the foregoing reasons, defendant Monroe County's motion for summary judgment [Doc. 22] is **GRANTED IN PART** under F.R.C.P. 56 as follows: All of plaintiff's federal civil rights claims brought against Monroe County, and John Doe and Jane Doe officers of Monroe County under § 1983 are hereby **DISMISSED WITH PREJUDICE.** Plaintiff's state law claim for conversion is **REMANDED** to the Circuit Court for Monroe County, Tennessee.

Defendant James Bivens and the City of Madisonville's motion for summary judgment [Doc. 25] is **GRANTED IN PART** as follows: All of plaintiff's federal civil rights claims brought against the City of Madisonville, and John and Jane Doe officers of the City of Madisonville under § 1983 are hereby **DISMISSED WITH PREJUDICE**. The motion is **DENIED** as to the § 1983 claims against James Bivens, in his individual capacity. Plaintiff's state law claim for negligence is **REMANDED** to the Circuit Court for Monroe County, Tennessee.

**IT IS SO ORDERED**.

ENTER:

_____s/ Thomas W. Phillips_____
United States District Judge